UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| STEPHEN J. MAYE and CAROLYN G. MAYE, | ) ) |
| Plaintiffs, | ) ) Civil Action No. 13-cv-_____ ) |
| v. | ) MEMORANDUM IN SUPPORT ) OF PLAINTIFFS' MOTION FOR |
| TIMOTHY J. WORRELL II, | ) PRELIMINARY INJUNCTION ) |
| Defendant. | ) ) |

Plaintiffs Stephen J. Maye ("Steve") and Carolyn G. Maye ("Carolyn"), by and through their undersigned counsel, respectfully submit this Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction. As set forth in greater detail below, the Motion for a Preliminary Injunction should be granted because Plaintiffs are substantially likely to prevail on the merits of this action and will suffer immediate and irreparable injury if the Motion is denied.

## FACTUAL BACKGROUND

As set forth in Plaintiffs' Verified Complaint, Defendant has recently and on numerous occasions publicly and falsely accused Steve of raping, molesting, and sexually abusing his daughter, Carolyn, and unspecified other children. Defendant initially launched this smear campaign against Plaintiffs in or about November 2010, but has recently escalated matters by creating a website on which he posts false and defamatory statements concerning Plaintiffs and by sending emails and letters to friends and acquaintances of Plaintiffs in which he makes the same false and defamatory statements.

# ARGUMENT

A plaintiff seeking preliminary relief bears the burden of establishing that the following factors, on appropriate balance, support granting the preliminary relief requested: (1) the likelihood of irreparable harm to plaintiff in the absence of preliminary relief; (2) the likelihood of harm to defendant should the requested relief be granted; (3) the likelihood of plaintiff's success on the merits; and (4) the public interest. *See Novak v. Cobb*, 2013 U.S. Dist. LEXIS 25372 (W.D.N.C. Feb. 25, 2013) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (noting what a plaintiff must establish to receive preliminary relief) and *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (deeming the first two factors of greater importance)).

### A. Plaintiffs are likely to suffer irreparable harm absent preliminary relief.

Steve is an accomplished businessman and an upstanding member of his professional and church community. His company, Drake Capital, LLC, was founded in 2003. Under Steve's stewardship, the company has grown from a start-up to a trusted company with over $100 million in assets. The success of the company hinges on its ability to raise capital, which, in turn, depends on the reputation and good will associated with Steve, as its Managing Partner. Steve is also active in his religious community and in volunteer engagements; his ability to serve in these capacities and to contribute meaningfully to the organizations with which he is associated also hinges on his reputation as a person of impeccable character.

In short, Defendant's false and defamatory statements – asserting that Steve has committed incest, is a child molester, and has sexually abused his daughter – threaten imminent, grave, and irreparable harm to Steve's reputation and livelihood. This harm is not theoretical and Plaintiffs' entitlement to a preliminary injunction on the basis of this harm is not a close call.

**B. There is no likelihood of harm to defendant should the requested relief be granted.**

Although the free speech protections enshrined in the First Amendment to the United States Constitution are expansive, they do not protect the type of speech that Defendant is directing against Plaintiffs in this matter. Simply put, Defendant has no right under any federal or North Carolina law to engage in the type of false and defamatory speech on the order presented here. Accordingly, should Defendant be enjoined from engaging in such speech, he will suffer no harm.

**C. Plaintiffs are likely to succeed on the merits.**

As discussed in Plaintiffs' Verified Complaint, Defendant has recently, and on numerous occasions, published false and defamatory statements regarding Plaintiffs, in which he accuses Steve of sexually abusing and raping his own daughter, Carolyn. These false and defamatory statements, in turn, defame Carolyn insofar as they assert that she is a victim of Steve's abuse. Defendant has himself acknowledged the untruthfulness of these statements, yet he nevertheless persists in publishing them via letters, emails, and a website that he has created to serve just this purpose. That Plaintiffs are likely to succeed on the merits is also not a close call.

**D. The public interest is served by an injunction.**

An injunction enjoining the type of false and defamatory statements that Defendant has directed against Plaintiffs here serves the public interest, because the public has no tolerance for such false and defamatory statements. While the public is served by free speech protections guaranteed by the First Amendment to the United States, the type of speech Plaintiffs here seek to enjoin are well outside the scope of First Amendment protection. *See, e.g., Araya v. Deep Dive Media, LLC*, 2013 U.S. Dist. LEXIS 117841 (W.D.N.C. Aug. 20, 2013) ("This is a

3

Case 3:13-cv-00510-MOC-DSC   Document 3   Filed 09/12/13   Page 3 of 5

defamation suit. First Amendment protection, therefore, is not applicable . . . if the statements are indeed false.").

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request entry of a Preliminary Injunction.

Respectfully submitted this 12th day of September, 2013.

s/ Thomas D. Myrick
Thomas D. Myrick
N.C. State Bar No. 12645
Jason G. Idilbi
N.C. State Bar No. 45633

**MOORE & VAN ALLEN PLLC**
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
(704) 331-1000

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MEMORANUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** was served upon Defendant by deposit of such copy enclosed in a postpaid envelope and delivered to Defendant via UPS Overnight Mail, addressed as follows:

Timothy J. Worrell II
520 Telegraph Dr.
Aiken, SC 29801

This 12th day of September, 2013.

s/ Thomas D. Myrick
Thomas D. Myrick
N.C. State Bar No. 12645
Jason G. Idilbi
N.C. State Bar No. 45633

**MOORE & VAN ALLEN PLLC**
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
(704) 331-1000

**Attorneys for Plaintiffs**